*148 The opinion of the Court was delivered fey
Mr. Justice Johnson.
There have been a variety of grounds taken in support of the motion for a new trial in this case ;■ but the one most relied on, and on which the Court deem it necessary to express an opinion, is that which relates to the admissibility of the evidence offered in aid of the presumption of payment, arising out of the long standing of this demand. Twenty years is sufficient to authorize the presumption of the payment of a bond, unless it is rebutted by some proof of an acknowledgment of the debt, within that time. (1 Esp. Dig. part 2, page 63.) And this principle is recognised by the decision of this Court, in the case of Executors of Palmer vs. Administrators of Dubois, at the last session in Charleston, and judgments are precisely on the same footing; and when aided by other circumstances to fortify the presumption, a less time will be sufficient. Now what circumstances shall be sufficient to authorize such a presumption, is peculiarly a matter for the consideration of a Jury. The admission of evidence is always a question for the Court; but its influence is a question for the Jury, under the direction and aid of the Court. A presumption might be So strong as to authorize the presumption of a payment of a debt, in a very few years. Suppose,forinstance,thatitshould appearin evidence, in an action brought on a bond, that the plaintiff had given the defendant a formal receipt for all *149 demands. Now this would not directly prove the payment of this identical debt, and yet a Jury would be authorized to presume that it was paid^ unless rebutted by other facts; and, on the other' hand, they might be so light as not to authorize the presumption of payment in one day less than the twenty years. Whether, therefore, they are to be considered as having but little or great influence, they ought to have been admitted.
It is said the evidence offered related to transactions between the plaintiff, in his own right, and the defendant’s testator, and that it was therefore inadmissible; but it must be recollected that this judgment was assigned to the plaintiffby his intestate, as early at least as the year 1794, upwards of nineteen years before suing Out the scire facias, and that it was only necessary, proforma, that he should sue in his representative character, for the demand was in equity : his individual property, at least, gave him a right to receivé the debt, and to discharge it. View him, therefore, as the agent or administrator of his intestate, or as the proprietor of th e j udgment, and his acts apply to this transaction with all the force and effect, whatever character he may have assumed, as those of his intestate would have done, if he were now alive, and suing in person. Now the mere settlement of an account between the parties, without noticing a particular debt, is a circumstance to show that nothing is due, (1 Esp. Dig. part 2, page 63,) and a vast number of *150 ^ac^s °f this character were offered to be given ill evidence. I am, therefore, clearly of opinion, . ' J * that the motion for a new trial ought to pre-
I ought not, perhaps, to conclude this opinion, without noticing two other questions that have been made, rather with a view to direct the attention of the counsel to them, than to express even my individual opinion on them. These are, 1st, the supposed variance between the original judgment, and the recital of it in the. declaration on the scire facias; 2d, the right of the plaintiff, in this form of action, to recover interest on the judgment up to the verdict, which must have been assumed by the Jury on any statement of the facts, to have warranted their finding the large sum stated in the verdict. As to the first, it is to be recollected that the most critical accuracy is necessary in the recital of a judgment or other writing; the difference of a single penny has been held to be a fatal variance. On the second question, the inclination of my mind is, that the plaintiff is not entitled to recover interest in this form of action. The prayer of the scire facias is, that the plaintiff may have execution of his judgment aforesaid; but in an action of debt, which on that account is to be preferred, there can be no question that he is entitled to recover the interest.
Colcock, JVott, Cheves, and Gantt, J. concurred*